[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PREJUDGMENT REMEDY
Chapter 903a of the Connecticut General Statutes concerns prejudgment remedies. Section 52-278b C.G.S. concerns the availability of a prejudgment remedy. This statute provides that:
 Notwithstanding any provisions of the general statutes to the contrary, no prejudgment remedy shall be available to a person in any action at law or equity (1) unless he has complied with the provisions of sections 52-278a to 52-278g, inclusive, except an action upon a commercial transaction wherein the defendant has executed a waiver as provided in section 52-278f, or (2) for the garnishment of earnings as defined in subdivision (5) of section 52-350a.
Section 52-278c concerns, among other things, the documentation required to obtain a prejudgment remedy. Subsection 52-278c (2) provides that the applicant shall provide:
 An affidavit sworn to by the plaintiff or any competent affiant setting forth a statement of facts sufficient to show that there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any known defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff.
This Court has review the application submitted by the plaintiff and did not find the requisite affidavit.
In addition to the foregoing, section 52-278d of the Connecticut General Statutes concerns hearings on a prejudgment remedy application. This section provides that:
 (a) The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of(1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater CT Page 93 than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff, (2) whether payment of any judgment that may be rendered against the defendant is adequately secured by insurance, (3) whether the property sought to be subjected to the prejudgment remedy is exempt from execution, and (4) if the court finds that the application for the prejudgment remedy should be granted, whether the plaintiff should be required to post a bond to secure the defendant against damages that may result from the prejudgment remedy or whether the defendant should be allowed to substitute a bond for the prejudgment remedy. If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiffs favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. The court shall not grant the prejudgment remedy if the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j.
After completing the hearing in this matter the Court finds that applicant did not meet its burden of proof to obtain the relief requested, specifically, its proof concerning subsections 52-278d (a)(2) and 52-278d (a)(3) of the Connecticut General Statutes. For the foregoing reasons, the application for the prejudgment remedy is denied.
 R.A. Robinson, J. January 3, 2002